# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-18-02836-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Leila Venegas Alcantara, *et al.*, | |
| Defendants. | |

Plaintiff G&G Closed Circuit Events, LLC, has filed a Motion for Default Judgment against Defendant Eladio E. Monroy pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 39.) Defendant Monroy filed no response. For the reasons set forth below, the Court finds default judgment against Defendant Monroy is warranted.

**I.    Background.**

Plaintiff obtains licenses to distribute pay-per-view programming to various commercial establishments, including bars and restaurants. Plaintiff contracted for the right to broadcast a series of boxing matches headlined by the International Boxing Federation World Middleweight Championship bout between Gennady Golovkin and Saul "Canelo" Alvarez, which was telecast September 16, 2017. Plaintiff claims that Defendant Monroy "specifically directed or permitted the employees of Restaurant Casita del Mar to unlawfully intercept" Plaintiff's program and display it to the public at the restaurant, which is located at 2401 North 32nd Street in Phoenix, Arizona and owned and operated by Gisselle, LLC—of which Defendant Monroy is one of two managing members. (Doc. 1, Compl. ¶ 15.) Plaintiff also claims that, as a managing member, Defendant Monroy "had

an obvious and direct financial interest in the activities" of the restaurant, including unlawful interception of Plaintiff's program. (Compl. ¶ 17.) Plaintiff filed suit against Defendant Monroy, Gisselle, and Gisselle's other managing member—Leila Venegas Alcantara[1]—seeking statutory damages for their alleged violations of the Communications Act of 1934 and the Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. §§ 553 and 605 *et seq.*

Plaintiff served process on Defendant Monroy on April 1, 2019. (Doc. 33.) Defendant Monroy did not answer or otherwise respond, and the Clerk of Court entered his default three weeks later, on May 15, 2019. (Doc. 38.) Plaintiff then filed the present motion for default judgment against Defendant Monroy on June 20, 2019. (Doc. 39.). Defendant Monroy has not responded thereto despite the passage of several months.

**II.  Default Judgment.**

After the Clerk of Court enters default, the Court may enter default judgment pursuant to Rule 55(b). The Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The Court considers the following factors in deciding whether default judgment is warranted: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Having reviewed the complaint and default judgment motion, the Court finds that

---

[1] Defendants Gisselle and Venegas Alcantara have appeared in this action. (*See* Doc. 14.)

the *Eitel* factors favor default judgment against Defendant Monroy and statutory damages in the amount of $30,000.00 are warranted.

### A. Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of default judgment. Defendant Monroy failed to respond to the complaint or otherwise appear in this action despite being served with the complaint, the application for default, and the motion for default judgment and supporting documentation. The Court is satisfied that if Plaintiff's motion is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This prejudice to Plaintiff supports the entry of default judgment.

### B. Merits of the Claims and Sufficiency of the Complaint.

The second and third *Eitel* factors (so grouped in Plaintiff's supporting Memorandum) favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standards. *See id*. at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Plaintiff seeks relief under 47 U.S.C. § 605. To be held liable for a violation this statute, "a defendant must be shown to have (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." *Nat'l Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981). Section 605 applies to satellite television signals. *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008).

Plaintiff has alleged that, under Defendant Monroy's supervision and to his financial benefit, Casita del Mar willfully intercepted and displayed the licensed program on September 16, 2017. Plaintiff's allegations are supported by the sworn affidavit of investigator Gerardo Alvarez Hose, who visited Casita del Mar on September 16, 2017 and saw the program being displayed on two televisions in the restaurant, and by screenprints of the restaurant's Facebook page during the week prior to the event advertising that the fight would be shown at the restaurant. (Doc. 39-4.) Hose estimated that 45 patrons were watching the program. (*Id*.) Because the well-pled factual allegations of the complaint are

deemed true upon default, *see Geddes*, 559 F.2d at 560, Plaintiff has shown that Defendant Monroy violated § 605. The second and third factors favor default judgment.

### C. Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Plaintiff seeks $10,000 in statutory damages and $30,000 in enhanced statutory damages. (Doc. 39 at 3.) The Court finds that as alleged, Defendant Monroy's violation of § 605 was serious. Casita del Mar willfully displayed the program to approximately 45 patrons and advertised its availability beforehand. (Doc. 39-4.)

### D. Possible Dispute Concerning Material Facts.

In light of the sufficiency of the complaint and Defendant Monroy's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion," at least with respect to Defendant Monroy. *PepsiCo*, 238 F. Supp. 2d at 1177.

### E. Whether Default Was Due to Excusable Neglect.

Plaintiff properly served Defendant Monroy with the summons and complaint. (Doc 33). It therefore is unlikely that Defendant Monroy's failure to answer and the resulting default were due to excusable neglect. *Gemmel v. Systemhouse, Inc*., No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). This *Eitel* factor, like the other five discussed above, weighs in favor of default judgment.

### F. Policy Favoring a Decision on the Merits.

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Here, it may well be that Plaintiff's claims against the other Defendants, Gisselle and Venegas Alcantara, are decided on the merits, given those Defendants have appeared. Although the final factor weighs against entry of default judgment, the Court is also compelled to deem the well-pled factual allegations against Defendant Monroy as true upon his default, *see Geddes*, 559 F.2d at 560. The Court

therefore is not precluded by this factor from entering default judgment against Defendant Monroy. *See PepsiCo*, 238 F. Supp. 2d at 1177; *Gemmel*, 2008 WL 65604, at *5.

**G. Conclusion.**

Six of the seven *Eitel* factors favor default judgment, and one factor weighs against it. Considering all the factors together, the Court concludes that default judgment against Defendant Monroy is appropriate.

**III. Damages.**

"A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal. 1997). Plaintiff does not seek actual damages, but rather statutory damages pursuant to 47 U.S.C. § 605. Under this statute, "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just[.]" § 605(e)(3)(C)(i)(II). The statute further provides that when a violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." § 605(e)(3)(C)(ii). In assessing statutory damages, the Court is mindful of the need to deter piracy of licensed shows, as well as the importance of not putting restaurants or bars out of business for a single violation. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

Plaintiff requests $10,000 in statutory damages and $30,000 in enhanced statutory damages to be entered against Defendant Monroy. The requested damages are largely reasonable. Defendant Monroy supervised the piracy of the program and displayed it to approximately 45 patrons. (Doc. 39-4.) The showing was not an accident, as evidenced by Casita del Mar's advertisement of it on Facebook beforehand. (*Id.*) The Court finds the requested statutory damages of $10,000 and a component of the requested enhanced

damages—in the amount of another $20,000—to be reasonable given this willful conduct. *See Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc*., 920 F. Supp. 2d 659, 667-69 (E.D. Va. 2013) (awarding $4,000 in statutory damages and $27,000 in enhanced damages for displaying a pirated program to 40 patrons); *J & J Sports Prods., Inc. v. McCausland*, No. 1:10-CV-01564-TWP, 2012 WL 113786, at *3-4 (S.D. Ind. Jan. 13, 2012) (awarding $10,000 in statutory damages and $30,000 in enhanced damages for displaying a pirated program to 15 patrons).

**IV. Claims Against Other Defendants.**

"[A] default judgment against one defendant does not preclude a codefendant from contesting the plaintiff's claim, and a non-defaulting defendant is not bound by the facts deemed admitted because of a codefendant's failure to appear." *Empire Fire & Marine Ins. Co. v. Pandt-Brown*, 322 F. Supp. 3d 694, 696 (E.D. Va. 2018) (quoting *The Mary*, 13 U.S. (9 Cranch) 126, 143 (1815); *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 432 (8th Cir. 1992)). While default judgment against Defendant Monroy is appropriate here, no factual allegations are deemed as true against Defendants Gisselle and Venegas Alcantara, and Plaintiff's claims against those Defendants will be decided on the merits.

In its Motion for Default Judgment, Plaintiff does not ask the Court to enter partial final judgment against Defendant Monroy under Federal Rule of Civil Procedure 54(b), and the Court does not otherwise find there is no just reason for delay of entry of judgment here. Accordingly, while Plaintiff will be entitled to default judgment against Defendant Monroy, the Court will enter final judgment at the end of this litigation.

**IT IS ORDERED** granting Plaintiff's Motion for Default Judgment as to Defendant Monroy (Doc. 39). Plaintiff will be entitled to default judgment against Defendant Monroy in the amount of $30,000 at the end of this litigation. Plaintiff's claims against Defendants Gisselle, LLC and Venegas Alcantara remain pending.

Dated this 4th day of March, 2020.

Honorable John J. Tuchi
United States District Judge